UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

EVELYN PALAVICINI,

       Plaintiff,

vs.

WAL-MART STORES EAST, LP.

       Defendant.
_____/

## WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida, Case No. 2017-029777-CA-01, with full reservation of rights, exceptions and defenses, and in support thereof states:

### I. BACKGROUND

1. On or about December 27, 2017, Plaintiff commenced this action by filing a Complaint against Wal-Mart Stores, Inc. d/b/a Wal-Mart Store #2091, in the 11th Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Pl.'s Complaint attached as Ex. "A." The Complaint was served on January 24, 2018. *See* Service of Process Transmittal attached as Ex. "B."[1]

---

[1] On February 7, 2018, the Plaintiff filed her Amended Complaint naming the proper party defendant, Wal-Mart Stores East, L.P. *See* Amended Complaint attached as Ex. "C."

2. Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on August 14, 2014 while at A Wal-Mart store located in Doral, Florida. *See* Ex. "C".

3. Specifically, the Plaintiff alleges she slipped and fell on liquid on the floor of the aisle near the gardening section. See Ex. "C" ¶ 8.

4. The Plaintiff alleges she is a resident of Miami-Dade County, Florida. *Id.* at ¶ 2.

5. Wal-Mart is a Delaware limited partnership, and at no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. *See* Florida Department of State, Division of Corporations, Detail by Entity Name attached as Ex. "D."

6. On September 14, 2017, prior to filing the instant lawsuit, Plaintiff's counsel submitted a pre-suit demand indicating Plaintiff's past medical bills totaled $330,199.67 and Plaintiff's loss wages totaled $97,386.95, cumulatively totaling $427,586.62 in past damages. *See* Redacted Pre-Suit Demand Letter attached as Ex. "E."[2]. Given her alleged damages as well as her past and future pain and suffering, Plaintiff demanded Wal-Mart pay her $2,000,000.00 to resolve her claims for injuries. *Id.*

---

[2] Wal-Mart has not filed Plaintiff's medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Wal-Mart can provide same for an in camera inspection.

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

7. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is clearly in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

8. Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 11th Judicial Circuit of the State of Florida in and for Miami-Dade County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "F."

9. Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II. REMOVAL IS TIMELY

10. In accordance with 28 U.S.C. § 1446(b)(1), Wal-Mart files this Notice of Removal within thirty (30) days of the date that it was served with Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. Thus, the thirty (30) day period commenced on January 24, 2018.

11. Venue exists in the United States District Court for the Southern District of Florida, Miami Division, because the 11th Judicial Circuit where Plaintiff filed her Complaint is located in Miami, Florida, which is located within the United States District Court for the Southern District of Florida, Miami Division.

## III. THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES

12. Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or

3

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

      **A.**      **Citizenship of WAL-MART STORES EAST, LP.**

13.    WAL-MART STORES EAST, LP, was at the time of the alleged incident, and is currently, a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (fka Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of business for all entities mentioned is in Arkansas. At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. *See* Ex. "D."

      **B.**      **Citizenship of EVELYN PALAVICINI.**

14.    Plaintiff is a citizen of the State of Florida residing in Miami-Dade, Florida, as Plaintiff's Amended Complaint alleges that at all material times Plaintiff was a resident of the County of Miami-Dade. *See* Ex. "C." at ¶ 2.

15.    The Southern District of Florida has held that a defendant seeking to remove an action on diversity grounds can supply the elements required to establish diversity of citizenship in its removal papers, particularly where the plaintiff's complaint, on its face, lacks the necessary jurisdictional allegations. *See Woolard v. Heyer-Schulte,* 791 F. Supp. 294, 296 (S.D. Fla. 1992). The *Woolard*

court found that removal is appropriate when plaintiff's complaint lacks allegations as to the citizenship of the plaintiff, but, the defendant's notice of removal papers allege sufficient facts to establish the parties' diversity of citizenship. *Id.* (stating that to rule otherwise would render "defendants statutory right to removal wholly contingent upon the plaintiff's choice of words. If for example, a citizen of Florida were suing a citizen of New York in Florida State court for a million dollars, he could foreclose the possibility of removal simply by omitting any allegation of the defendant's citizenship"). *Id.*

16.     Moreover, although Plaintiff's Amended Complaint does not specifically state Plaintiff's citizenship, ***"[i]t is well established that a party's residence is prima facie evidence of a party's domicile,"*** and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

17.     Here, Plaintiff alleges she is a resident of Miami-Dade County. *See* Ex. "C." at ¶ 2.   Plaintiff's Miami-Dade County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

## IV. AMOUNT IN CONTROVERSY

18.     The amount in controversy clearly exceeds $75,000.00. Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $15,000.00 jurisdictional minimum, it is clear from Plaintiff's pre-suit demand that the Plaintiff's claimed damages exceed the jurisdictional minimum in this

Court of $75,000.00. *See Katz v. J.C. Penney Corp., Inc.* at *5 (concluding the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *see also Mick v. De Vilbiss Air Power Co.,* No. 6:10-CV-1390-ORL, 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (discussing pre-suit demand letters are competent evidence of the amount in controversy.).

19. The well-established rule adopted by the Eleventh Circuit states that a defendant can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

20. Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. All that is required of the defendant is that it shows, by a

preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

21. "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

22. Where, as here, a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the … jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

23. Here, the relevant portion of Plaintiff's itemized and specifically detailed pre-suit demand conclusively establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum. Specifically, the Plaintiff asserts her past medical bills total $330,199.67 and past loss wages total $97,386.95. *See*

Ex. "E." In addition, Plaintiff's Complaint alleges pain and suffering in the past and in the future. *See* Ex. "C" at ¶ 14.

24. These representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00 jurisdictional minimum for this Court to retain jurisdiction. Numerous district court decisions support this conclusion.

25. For example, in *Katz v. J.C. Penney Corp.*, this Court concluded that the removing defendant properly established the amount in controversy by addressing information received from Plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an honest assessment of damages by plaintiffs because, like Plaintiff's September 14, 2017 pre-suit demand letter, it was based on medical records provided by the plaintiff. *Id.*

26. District courts have found that the amount in controversy is satisfied by a showing that Plaintiff's pre-suit demand letter demonstrates Plaintiff's past medical bills exceed $75,000.00. For example, in *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), the court determined the defendant established its burden of proving the amount in controversy exceeded $75,000.00 where the plaintiff's medical bills alone totaled $108,351.92 and plaintiff alleged that his injuries were permanent and she would "surely seek recovery of future medical expenses and significant pain and suffering damages." *Id*. The court found the defendant established complete diversity and that the amount in controversy

exceeded the minimum jurisdictional requirement; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

27. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur additional $1 million dollars in future medical expenses as a result of his incident. *Wilson V. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount of damages she bought, but only plead that her damages were in excess of $15,000.00, the court denied plaintiff's motion to remand finding plaintiff's pre-suit demand letter and unspecified damages in his complaint in were sufficient to demonstrate a preponderance of the evidence that the amount in controversy exceeded $75,000.00. *Id.* [3]

28. Here, Plaintiff's pre-suit demand letter appears to be an honest assessment of her claimed damages as it is based on Plaintiff's past medical bills and lost wages in the amount of $427,586.62. *See Katz,* 2009 WL 1532129 at 4. Like *Stramiello* and *Wilson,* Plaintiff's pre-suit demand letter includes past medical expenses which alone exceed the jurisdictional minimum. *Wilson,* 2010 WL 3632794, at *4; *Stramiello,* 2010 WL 2136550, at *3. This evidence demonstrates the Plaintiff's claimed damages in the instant case far exceed $75,000.00. Accordingly, Wal-Mart has shown by a preponderance of the evidence that the

---

[3] The court also considered plaintiff's refusal to admit or deny that damages exceeded $75,000.00 as evidence regarding the amount in controversy.

amount in controversy exceeds the jurisdictional minimum, rendering removal proper.

## V. CONCLUSION

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and the Clerk of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2017-029777-CA-01, on the docket of the Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that Court to the United States District Court for the Southern District of Florida, Miami Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: February 23, 2018**

*[Signature of Counsel on following page]*

*/s/ Schuyler A. Smith*
Jerry D. Hamilton, Esq.
Florida Bar No. 970700
Schuyler A. Smith, Esq.
Florida Bar No. 70710
Patricia Concepcion, Esq.
Florida Bar No. 109058
HAMILTON, MILLER & BIRTHISEL LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131-2332
Telephone:    (305) 379-3686
Facsimile:    (305) 379-3690
*Attorneys for Defendant, Wal-Mart Stores, East, LP.*

## **SERVICE LIST**

Robert C. Solomon, Esq.
LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
P: (954) 577-2878
F: (954) 577-2215
solomon@sslegalfirm.com
candace@sslegalfirm.com;
bedoya@sslegalfirm.com
quinn@sslegalfirm.com
hyarmolik@sslegalfirm.com

11

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690