UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 18-20708-CIV-MORENO

EVELYN PALAVICINI,

        Plaintiff,

vs.

WAL-MART STORES EAST, LP,

        Defendant.
_____/

## ORDER GRANTING MOTION FOR APPELLATE ATTORNEY'S FEES

THIS CAUSE came before the Court upon Defendant's Motion for Attorney's Fees **(D.E. 149)**, filed on **November 4, 2019**.

THE COURT has considered the motion, thethe response pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED. The Court awards appellate attorney's fees in the amount of $39,958.50. For which sum let execution issue. The Court notes that Plaintiff does not take issue with the Defendant's entitlement to fees. Plaintiff's response indicates that it would be a financial hardship for her to pay the fees. In this case, Plaintiff rejected the Defendant's Proposal for Settlement, which subjects Plaintiff to attorney's fees and costs should she not prevail. Indeed, she did not prevail in this action and now she is faced with having to pay fees, which are undoubtedly significant.

The Eleventh Circuit has stated that "a district court must have and state a sound basis" for denying or reducing a cost award to a prevailing party because there is a strong presumption that a prevailing party is entitled to its reasonable costs. *Chapman v. AI Transport*, 229 F.3d 1012,

1039 (11th Cir. 2000). The non-prevailing party's "good faith and limited financial resources are not enough" to overcome the presumption of awarding costs. *Pickett v. Iowa Beef Processors,* 149 F. App'x 831 832 (11th Cir. 2005). Moreover, a district court can only reduce a cost award based on the non-prevailing party's financial status if that party provides "substantial documentation of a true inability to pay." *Chapman,* 229 F.3d at 1039. Plaintiff provides her affidavit indicating her annual salary of $40,000. She states that she has to pay medical bills over $300,000, but provides no documentation of those bills. Plaintiff's documentation does not demonstrate her inability to pay and is insufficient to reduce the award. *Id.* (quoting *McGill v. Faulkner,* 18 F.3d 456, 459 (7th Cir. 1994) (non-prevailing party offered no documentary support, relying instead on "unsupported, self-serving statements")).[1]

DONE AND ORDERED in Chambers at Miami, Florida, this 30th of December 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[1] In *Chapman* and *Pickett,* the Eleventh Circuit was considering an award of costs under Rule 54(d), and not under Florida's offer of judgment statute, as is the case here. Absent contrary case law, however, the Court follows the guidance in those cases to determine whether a reduction of a fees and costs award is warranted in view of the parties' relative financial circumstances.